# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | |
|---|---|
| **KEVIN WIGGINS,** <br> **JASON WEST,** <br> **JOSEPH MCCONNELL,** <br> **DONALD LEE,** <br> **STACEY LEE,** <br> **LARENDA HAWKINS,** <br> **SANDRA RAMAGE,** <br> **JOSHUA CASE,** <br> **STEPHANIE BAUCUM,** <br> **RHONDA HEARELL,** <br> **BARBARA HOWARD,** <br> **BEVERLY CROSBY,** <br> **OLLIE MOUNCE,** <br> **ARTHUR BASKIN,** <br> **SUKRESHIA BRIDGET,** <br> **DAVID CHRISTIAN,** <br> **MIAYUA CONNER,** <br> **KERRI DUNN,** <br> **LESLEY GATES,** <br> **MARQUITA GRIFFIN,** <br> **CANDICE COFFIE,** <br> **BRAD HARPER,** <br> **RACHAEL HILL,** <br> **BRANDI JONES,** <br> **TOSHA JONES,** <br> **ROBIN LAYNE,** <br> **ROBERT LITTLEMEYER,** <br> **JAZMUN MAY,** <br> **QUENNAR MAYFIELD-CORREA,** <br> **ROSHENNA MCHANEY,** <br> **BETHANY MILLER,** <br> **RENITA MOSS,** <br> **GENEVA POOL,** <br> **REBECCA RILEY,** <br> **NICOLE RIVES,** <br> **JOHNATHAN ROMAIN,** <br> **TINA RIVES,** <br> **FALYN SHOEMAKE,** <br> **CHRISTY SKIRVIN,** <br> **WENDY TURNER,** <br> **KERRY TURNER-COOMER,** <br> **REBEKAH VINSON,** | Civil Action No. **5:11CV-36-R** <br><br> JUDGE _____ |

| | |
|---|---|
| LASHAWANNA WOODS, | : |
| STEPHANIE WALKER | : |
| GRACE YOPP, | : |
| AMBER DELAWSON, | : |
| CHRISTINA FRANKLIN, | : |
| TABATHA REED, | : |
| ANNA SCRIVENER, | : |
| MARLANA SIMMONS, | : |
| DOUGH SMITH, | : |
| SUSAN WILSON, | : |
| CELESTRIAL BEARD-CARR, | : |
| JEREA BOYD, | : |
| CHARLES EARLE, | : |
| CHRISTIAN KORNEGAY, | : |
| CHRISTINA MORRISON, | : |
| SCOTT MORRISON, | : |
| MANY SULLENGER, | : |
| SARA BARNARD, | : |
| HEATHER BOSWELL, | : |
| SHERRY BURGDOLF, | : |
| JAMIE HAPPS, | : |
| ASHLEY HARRELL, | : |
| KAYLA SEXTON, | : |
| TIFFANY BYARS, | : |
| HANNA HEARELL, | : |
| JOSEPH LANGSTON, | : |
| DE'CHENEA LOVETT, | : |
| CHRISTINA LUCIANO, | : |
| CASEY PACE, | : |
| JACQUELINE WARREN, | : |
| KRYSTAL BOYD, | : |
| VALENCIA DANIELS, | : |
| REGINA EDWARDS, | : |
| MONIKA GROFF, | : |
| JODI PENDERGRASS, | : |
| AMANDA ROBERTSON, | : |
| KEVIN STUCKER, | : |
| AMY WEATHERFORD, | : |
| MARVETTA BARNES, | : |
| GINGER ORAZINE, | : |
| ELTA WALDRIDGE, | : |
| JOHN C. SMITH, | : |
| ASHLEY MALONE, | : |
| JAMES LITTLEMYER, | : |
| SARAH WILSON-KRAFT, | : |
| DANIEL WILLIS, | : |
| JENNIFER UMBERG, | : |

| | |
|---|---|
| **MONIQUE SLAUGHTER-COLE,** | : |
| **KIMBERLY MILLAY,** | : |
| **LAKEISHA GRAVES,** | : |
| **LYNETTE CRUMBLE,** | : |
| **ROBERT DUCK,** | : |
| **RASHAD WILLIAMS,** | : |
| **STEPHANIE WADE,** | : |
| **SCARLETT SEARS,** | : |
| **JORDAN TODD,** | : |
| **HARMONY PALACKY,** | : |
| **ANGELA JOHNSON,** | : |
| **ANGELA WILLIAMS-TRICE,** | : |
| **ELIZABETH HOWELL,** | : |
| **AMY DEBERRY,** | : |
| **BRITTANY RINGSTAFF** | : |
| Plaintiffs, | : |
| v. | : |
| | : |
| **DAYMAR COLLEGES GROUP, LLC** | : |
| | : |
| and | : |
| | : |
| **DAYMAR LEARNING OF PADUCAH, INC.** | : |
| | : |
| and | : |
| | : |
| **DAYMAR LEARNING OF OHIO, INC.** | : |
| | : |
| and | : |
| | : |
| **MARK A. GABIS** | : |
| | : |
| and | : |
| | : |
| **DAYMAR LEARNING, INC.** | : |
| | : |
| and | : |
| | : |
| **THE DAYMAR FOUNDATION, INC.** | : |
| | : |
| and | : |
| | : |
| **UNKNOWN DEFENDANTS** | : |
| | : |
| Defendants. | : |

3

# NOTICE OF REMOVAL BY DEFENDANTS DAYMAR COLLEGES GROUP, LLC; DAYMAR LEARNING OF PADUCAH, INC.; DAYMAR LEARNING OF OHIO, INC.; MARK A. GABIS; DAYMAR LEARNING, INC.; AND THE DAYMAR FOUNDATION

Defendants, Daymar Colleges Group, LLC; Daymar Learning of Paducah, Inc.; Daymar Learning of Ohio, Inc.; Mark A. Gabis; Daymar Learning, Inc.; and The Daymar Foundation, Inc. (hereinafter "Defendants") hereby petition this Court for removal of this action from the Circuit Court of McCracken County, Kentucky to the United States District Court for the Western District of Kentucky (Paducah Division) pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, and in support thereof state the following.

## I. BACKGROUND

### A. PROCEDURAL HISTORY

1.  On or about February 17, 2011, Plaintiffs, Kevin Wiggins, Jason West, Joseph McConnell, Donald Lee, Stacey Lee, Larenda Hawkins, Sandra Ramage, Joshua Case, Stephanie Baucum, Rhonda Hearell, Barbara Howard, Beverly Crosby, Ollie Mounce, Arthur Baskin, Sukreshia Bridget, David Christian, Miayua Conner, Kerri Dunn, Lesley Gates, Marquita Griffin, Candice Coffie, Brad Harper, Rachael Hill, Brandi Jones, Tosha Jones, Robin Layne, Robert Littlemeyer, Jazmun May, Quennar Mayfield-Correa, Roshenna McHaney, Bethany Miller, Renita Moss, Geneva Pool, Rebecca Riley, Nicole Rives, Johnathan Romain, Tina Rives, Falyn Shoemake, Christy Skirvin, Wendy Turner, Kerry Turner-Coomer, Rebekah Vinson, Lashawanna Woods, Stephanie Walker, Grace Yopp, Amber Delawson, Christina Franklin, Tabatha Reed, Anna Scrivener, Marlana Simmons, Dough Smith, Susan Wilson, Celestrial Beard-Carr, Jerea Boyd, Charles Earle, Christian Kornegay, Christina Morrison, Scott Morrison, Many Sullenger,

Sara Barnard, Heather Boswell, Sherry Burgdolf, Jamie Happs, Ashley Harrell, Kayla Sexton, Tiffany Byars, Hanna Hearell, Joseph Langston, De'Chenea Lovett, Christina Luciano, Casey Pace, Jacqueline Warren, Krystal Boyd, Valencia Daniels, Regina Edwards, Monika Groff, Jodi Pendergrass, Amanda Robertson, Kevin Stucker, Amy Weatherford, Marvetta Barnes, Ginger Orazine, Elta Waldridge, John C. Smith, Ashley Malone, James Littlemyer, Sarah Wilson-Kraft, Daniel Willis, Jennifer Umberg, Monique Slaughter-Cole, Kimberly Millay, Lakeisha Graves, Lynette Crumble, Robert Duck, Rashad Williams, Stephanie Wade, Scarlett Sears, Jordan Todd, Harmony Palacky, Angela Johnson, Angela Williams-Trice, Elizabeth Howell, Amy Deberry, and Brittany Ringstaff, ("Plaintiffs") commenced this putative class action against Defendants by filing a Complaint in the Circuit Court of McCracken County, Kentucky, Case No. 11-CI-00185. Plaintiffs demanded a jury trial.

2. Plaintiffs allege in the Complaint that they are bringing this action on behalf of themselves and the class of people defined as:

> [A] class of people who have been injured by Defendants (all Defendants, including Mark Gabis, will be collectively referred to as 'Daymar') in the following manner:
>
> a. Induced to attend Daymar by promises of full transferability of credits and Degrees to other institutions of higher learning, only to discover this not to be true;
>
> b. Induced to attend Daymar by promises of career placement in the students' field of study, only to discover this not to be true; and
>
> c. Deceived into buying all schoolbooks and materials directly from Daymar's bookstores at greatly inflated prices and were denied the option to use student loans to shop for less expensive books and materials.
>
> d. Misled and deceived about the terms and availability of financial aid.

5

(Complaint ¶ 111.)

3.      Plaintiffs further allege that the "proposed Plaintiff class, which Plaintiffs seek to represent, are current and prior attendees of the various Daymar Colleges (the 'Class')." (*Id.* at ¶ 676.)

4.      Plaintiffs further define the class to be "composed of present and former students of Daymar who have been fraudulently solicited to attend Daymar educational institutions with the promise of receiving Degrees transferable to the vast majority of institutions of higher learning, and for whom these representations were both false and the Degrees and credits non-transferable." (*Id.*)

5.      Plaintiffs further allege that they "seek to represent a class of those individuals who secured loans to pay for Degrees fraudulently solicited by Daymar, and these Degrees, although promised by Daymar, were not transferable to the vast majority of other institutions of higher learning and had little or no value for the purposes to which Daymar induced or promised to the Plaintiffs." (*Id.* at ¶ 677.)

6.      Plaintiffs further allege that they "seek to represent a class of those individuals who were promised jobs in their field of study following graduation from Daymar, but who received no such jobs and received no assistance from Daymar in finding employment in their field of study." (*Id.* at ¶ 678.)

7.      Plaintiffs further allege that they "seek to represent a class of individuals who were misled and deceived about the terms and availability of financial aid." (*Id.* at ¶ 679.)

8.      Plaintiffs allege that the putative class consists of "thousands of persons" in Kentucky, Indiana and Ohio. (*Id.* at ¶680.)

9. The Plaintiffs' putative class action is one of three putative class actions filed in Kentucky against Daymar entities.

B. **SERVICE**

10. Service of the Summons and the Complaint was made on Defendants via hand delivery on February 22, 2011.

11. All named Defendants consent to the removal.[1]

12. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b).

13. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the Circuit Court of McCracken County, Kentucky, Case No. 11-CI-00185 are attached as Exhibit 1. No further proceedings have occurred in this action.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(d), 1441 AND 1453

14. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

15. 28 U.S.C. § 1332(d) provides that a federal district court shall have original jurisdiction of any putative civil class action in which: (A) there are 100 or more members in the plaintiffs' proposed class; (B) any member of the proposed class is a citizen of a state different from any defendant; and (C) the amount placed in controversy by the claims of the class members exceeds the sum or value of $5,000,000 in the

---

[1] Although consent of all defendants is unnecessary under 28 U.S.C. 1453(b), even if consent of all defendants were required, this would not include the "Unknown Defendants." *See* 28 U.S.C. §1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.")

aggregate (exclusive of interest and costs).  As demonstrated herein, all of these criteria are met.

**A.    THE PROPOSED CLASS CONSISTS OF 100 OR MORE MEMBERS**

16.    28 U.S.C. § 1332(d) defines the term "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  This action has been filed as a state court putative class action pursuant to Kentucky Civil Rules 23 which is similar to Federal Rule of Civil Procedure 23.  Plaintiffs' case falls within the definition of a class action as contained in 28 U.S.C. § 1332(d).

17.    Plaintiffs allege that they are bringing this action on behalf of themselves and the Class of persons defined as: "current and prior attendees of the various Daymar Colleges (the 'Class')."  (Complaint ¶ 676.)

18.    There are 104 named Plaintiffs who make up the Plaintiff class.  (*Id.* at ¶¶ 1-104.)

19.    Plaintiffs allege that "thousands of persons are members of the Class."  (*Id.* at ¶ 680.)

20.    Accordingly, there are more than 100 persons encompassed within Plaintiffs' purported class definition.

**B.    DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332(D)**

21.    Defendant Daymar Colleges Group, LLC is and was at the time this lawsuit was commenced a corporation organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business in Kentucky.

22. Defendant Daymar Learning of Paducah, Inc. is and was at the time this lawsuit was commenced a corporation organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business in Kentucky.

23. Defendant Daymar Learning of Ohio, Inc. is and was at the time this lawsuit was commenced a corporation organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business in Kentucky.

24. Defendant Mark A. Gabis is and was at the time this lawsuit was commenced a citizen of the Commonwealth of Kentucky.

25. Defendant Daymar Learning, Inc. is and was at the time this lawsuit was commenced a corporation organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business in Kentucky.

26. Defendant The Daymar Foundation, Inc. is and was at the time this lawsuit was commenced a corporation organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business in Kentucky.

27. For purposes of determining diversity jurisdiction, the "unknown defendants" shall be ignored. 28 U.S.C. §1441(a).

28. Pursuant to the allegations in the Complaint, Kevin Wiggins, Jason West, Joseph McConnell, Donald Lee, Stacey Lee, Larenda Hawkins, Sandra Ramage, Joshua Case, Stephanie Baucum, Rhonda Hearell, Barbara Howard, Beverly Crosby, Arthur Baskin, Sukreshia Bridget, David Christian, Miayua Conner, Kerri Dunn, Marquita Griffin, Candice Coffie, Brad Harper, Rachael Hill, Brandi Jones, Tosha Jones, Robin Layne, Robert Littlemeyer, Jazmun May, Quennar Mayfield-Correa, Roshenna McHaney, Bethany Miller, Renita Moss, Geneva Pool, Rebecca Riley, Nicole Rives, Tina Rives, Falyn Shoemake, Christy Skirvin, Wendy Turner, Kerry Turner-Coomer, Rebekah

Vinson, Lashawanna Woods, Stephanie Walker, Grace Yopp, Amber Delawson, Christina Franklin, Tabatha Reed, Anna Scrivener, Marlana Simmons, Dough Smith, Susan Wilson, Celestrial Beard-Carr, Jerea Boyd, Charles Earle, Christian Kornegay, Christina Morrison, Scott Morrison, Many Sullenger, Sara Barnard, Heather Boswell, Sherry Burgdolf, Jamie Happs, Ashley Harrell, Kayla Sexton, Hanna Hearell, Joseph Langston, De'Chenea Lovett, Christina Luciano, Casey Pace, Jacqueline Warren, Krystal Boyd, Valencia Daniels, Regina Edwards, Monika Groff, Jodi Pendergrass, Amanda Robertson, Amy Weatherford, Marvetta Barnes, Ginger Orazine, Elta Waldridge, John C. Smith, Ashley Malone, Sarah Wilson-Kraft, Daniel Willis, Monique Slaughter-Cole, Lynette Crumble, Robert Duck, Stephanie Wade, Scarlett Sears, Jordan Todd, Harmony Palacky, Angela Johnson, Angela Williams-Trice, Elizabeth Howell, Amy Deberry, Brittany Ringstaff are and were "at all material times" citizens of the Commonwealth of Kentucky.  (Complaint, ¶¶1-12, 14-18, 20-35, 37-65, 67-78, 80-85, 87-88, 93-104.)

29.     Pursuant to the allegations in the Complaint, Ollie Mounce, Lesley Gates, Kevin Stucker, James Littlemyer, Rashad Williams are and were "at all material times," citizens of Illinois. (Complaint, ¶¶13, 19, 79, 86.)

30.     Pursuant to the allegations in the Complaint, Johnathan Romain is and was "at all material times," a citizen of the state of Montana. (Complaint, ¶ 36.)

31.     Pursuant to the allegations in the Complaint, Tiffany Byars is and was, "at all material times," a citizen of Tennessee. (Complaint, ¶66.)

32.     Pursuant to the allegations in the Complaint, Jennifer Umberg, Monique Slaughter-Cole, Kimberly Millay are and were, "at all material times," citizens of Ohio. (Complaint, ¶¶89, 90, 91.)

33. Pursuant to the allegations in the Complaint, Lakeisha Graves is and was, "at all material times," a citizen of Georgia. (Complaint, ¶92.)

34. Therefore, Plaintiffs are citizens of the states of Kentucky, Illinois, Montana, Tennessee, Ohio, and Georgia. (Complaint at ¶¶ 1-104.)

35. The diversity of citizenship between Plaintiffs and Defendants satisfies the minimal diversity requirements as set forth in 28 U.S.C. § 1332(d). Section 1332 (d)(2) provides, "[t]he district courts shall have original jurisdiction of any civil action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."

C. **AMOUNT IN CONTROVERSY UNDER 28 U.S.C. § 1332(D)** [2]

36. 28 U.S.C. § 1332(d)(6) provides that a federal district court shall have original jurisdiction over a putative class action where the claims of the individual class members, when aggregated, exceed the sum of $5,000,000, exclusive of interest and costs.

37. The legislative history makes it clear that § 1332(d)(6) is to be interpreted expansively. The Senate Judiciary Committee state, "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case. By the same token, the Committee intends that a matter be subject to federal court jurisdiction under this provision if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the

---

[2] Although Daymar denies any liability and contends that Plaintiffs cannot recover on the claims asserted in the Complaint. For purposes of removal only, Plaintiffs' allegations and the relief sought will be considered in determining the value of the claims as pled and the amount placed in controversy.

11

viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." S. Rep. No. 109-014, part 6, at 42 (2005).

38. According to the Sixth Circuit, "[t]he general rule in diversity cases is that the amount claimed by a plaintiff in his complaint determines that amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount." *Saltire Industrial, Inc. v. Waller, Lansden, Dortch & Davis*, 491 F.3d 522, 531 (6th Cir. 2007). "It is generally agreed in this circuit that the amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) (quoting *Buckeye Recyclers v. CHEP USA,* 228 F. Supp. 2d 818, 821 (S.D. Ohio 2002)).

39. In *Kendrick v. Std. Fire Ins. Co.*, 2007 U.S. Dist. LEXIS 28461, *10-11 (E.D. Ky. 2007), the Court held that the amount in controversy requirement under 28 U.S.C. § 1332(d) is deemed to have been met when it can be reasonably deduced from the allegations that are stated that the aggregate amount in controversy with respect to all defendants taken together, "more likely than not" will exceed $ 5 million.

40. In *Kendrick*, the court held that it could be "reasonably deduced from the allegations" that the putative plaintiff class' claims placed an amount in controversy exceeding $5 million.  2007 U.S. Dist. LEXIS 28461 *11. *See also Hayes v. Equitable Energy Resources, Co.*, 266 F. 3d 560, 573 (6th Cir. 2001) (Even without a stated amount in controversy, defendants met their burden "upon a fair reading of [Plaintiff's] Complaint.")

41. It is well settled law that "[i]n calculating the amount in controversy, courts may consider compensatory damages, punitive damages, statutorily authorized

12

attorneys fees, and economic value of the rights the plaintiff seeks to protect through injunctive relief." *Curry v. Applebee's Int'l, Inc.*, No. 1:09-cv-505, 2009 U.S. Dist. Lexis 114143, at *14-15 (S.D. Ohio Nov. 17, 2009). *See also Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) ("As a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees."); *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (value of injunctive relief based on economic value of rights the plaintiff seeks to protect); *Brown v. Jackson Hewitt, Inc.*, No. 1:06-cv-2632, 2007 U.S. Dist. Lexis 13328 at *9 (N.D. Ohio Feb. 27, 2007) (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (claims for punitive damages are included in amount in controversy).

42. Plaintiffs' Complaint contains the following causes of action: Count I: Declaratory Relief; Count II: Conspiracy; Count III: Breach of Contract; Count IV: Breach of Implied Contract; Count V: Fraudulent Inducement; Count VI: Consumer Protection; Count VII: Fraud; Count VIII: Misrepresentation; Count IX: Injunctive Relief; Count X: Kentucky Anti-trust Violation; Count XI: Violation of KRS 165A.310 *et seq.*- Proprietary Education. (Complaint at ¶¶ 688 to 708).

43. Plaintiffs also seek compensatory damages to "compensate them for the time lost in seeking Degrees without the value promised, for reimbursement with pre-judgment interest of all loan amounts for such Degrees and all damage they have sustained, . . . including pain and suffering to the extent mental and physical, lost income opportunities, and lost time for the legitimate pursuit of advanced education." (Complaint, ¶ 709).

44. Plaintiffs further request "attorneys fees, costs herein expended and all other proper relief." (Complaint, Prayer for Relief.)

45. Plaintiffs also seek punitive damages for alleged malicious, willful and wanton conduct and gross negligence by Defendants. (Complaint, ¶ 710.)

46. Plaintiffs also seek injunctive against Defendants. (Complaint, ¶ 705.)

47. Plaintiffs do not indicate how they intend to calculate the damages they seek, and while Defendants dispute that Plaintiffs are entitled to any of the damages sought in the Complaint, for purposes of determining the aggregate amount placed in controversy under 28 U.S.C. § 1332(D), Defendants provide the court with the following amount in controversy analysis which is based on Plaintiffs' allegations.

48. Plaintiffs allege that there are "thousands" of students and former students in this putative class. Plaintiffs seek recovery of **all** loan amounts incurred by the members of the putative class as well as additional amounts for pain and suffering, lost income opportunities, lost time, alleged punitive damages, and attorneys' fees (presumably based upon their statutory claims).

49. Accordingly, the aggregate amount Plaintiffs have placed in controversy is in excess of $5 million.

D. **NO EXCEPTIONS APPLY**

50. 28 U.S.C. § 1332(d) contains provisions under which the United States District Court may or shall decline jurisdiction. However, no statutory exception applies in this case. 28 U.S.C. § 1332(d)(3) and (4).

51. Plaintiffs bear the burden of proving that an exception to 28 U.S.C. § 1332(D) jurisdiction applies. *Evans v. Walter Indus., Inc.* 449 F.3d 1159, 1163 (11th Cir.

2006); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018 (9th Cir. 2007); *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675 (7th Cir. 2006); *Frazier v. Pioneer Americas LLC*, 455 F.3d 542 (5th Cir. 2006).  In the case of exceptions, "legislative history suggests that Congress intended the local controversy exception to be a narrow one, with all doubts resolved in 'favor of exercising jurisdiction over the case.'" *Powell v. Tosh*, 2009 U.S. Dist. LEXIS 98564 *6-7 (W.D. Ky. Oct. 21, 2009) *citing Evans,* 449 F.3d at 1163.

52.  This action is not one described in 28 U.S.C. § 1332 or § 1453 as being non-removable.

### III.  VENUE

53.  Venue of this action is proper under 28 U.S.C. §1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

54.  This action is not an action described in 28 U.S.C. §1445.

### IV.  CONCLUSION

55.  All named Defendants have consented in writing to this Removal through undersigned Counsel.

56.  Pursuant to 28 U.S.C. §1446(d), copies of this Notice of Removal and the accompanying exhibits are being served on counsel for the Plaintiffs.

57.  Pursuant to 28 U.S.C. §1446(d), a copy of the Notice of Removal also is being filed with the clerk of courts for the Circuit Court of McCracken County, Kentucky.

WHEREFORE, Defendants, Daymar Colleges Group, LLC; Daymar Learning of Paducah, Inc.; Daymar Learning of Ohio, Inc.; Mark A. Gabis; Daymar Learning, Inc.;

and The Daymar Foundation, Inc., respectfully remove this action from the Circuit Court of McCracken County, Kentucky to the United States District Court for the Western District of Kentucky, Paducah Division as provided by law.

    Respectfully submitted,

    /s/ R. Kenyon Meyer

    R. Kenyon Meyer
    Emily Wang Zahn
    **DINSMORE & SHOHL LLP**
    National City Tower
    101 South Fifth Street, Suite 2500
    Louisville, Kentucky 4020
    Phone: (502) 540-2300
    Fax: (502) 581-8111
    kenyon.meyer@dinslaw.com
    emily.zahn@dinslaw.com

    ***Attorneys for Defendants***
    *Daymar Colleges Group, LLC, Daymar Learning of Paducah, Inc., Daymar Learning of Ohio, Inc., Mark A. Gabis, and Daymar Learning, Inc.*

    AND

    /s/Michael C. Merrick

    Jon L. Fleischaker
    Michael C. Merrick
    **DINSMORE & SHOHL LLP**
    National City Tower
    101 South Fifth Street
    Suite 2500
    Louisville, Kentucky 4020
    Phone: (502) 540-2300
    Fax: (502) 581-8111
    jon.fleischaker@dinslaw.com
    michael.merrick@dinslaw.com

    ***Attorneys for Defendant***
    *The Daymar Foundation, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this **14th** day of **March, 2011,** a copy of the foregoing **Notice of Removal** was electronically filed with the Clerk of Court for the United States District Court, Western District of Kentucky using the CM/ECF System which system will send notification of such filing to the following counsel of record. An enclosed copy:

### *Counsel for Plaintiffs*

SALES, TILLMAN, WALLBAUM,
CATLETT & SATTERLY, PLLC
Kenneth L. Sales
David G. Bryant
1900 Waterfront Plaza
325 W. Main Street
Louisville, Kentucky 40202
Telephone: (502) 589-5600
Facsimile: (502) 814-5500
ksales@stwlaw.com
dbryant@stwlaw.com

BRYANT LAW CENTER
Mark P. Bryant
601 Washington Street
P.O. Box 1876
Paducah, Kentucky 42002-1876
Telephone: (270) 442-1422
mark.bryant@bryantpsc.com


                                          /s/R. Kenyon Meyer