UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-00036-R

**KEVIN WIGGINS, ET AL.**                                                                 **PLAINTIFFS**

v.

**DAYMAR COLLEGES GROUP, LLC, ET AL.**                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiffs' Motions to Hold Defendants' Dispositive Motions in Abeyance Pending Resolution of Plaintiffs' Remand Motion and Motion to Conduct Discovery (Docket #8, 25) and Plaintiffs' Motion to Remand (Docket #9).  Defendants have responded (Docket #12, 13, 26).  Plaintiffs have replied (Docket #14, 22).  This matter is now ripe for adjudication.

## BACKGROUND

Plaintiffs seek to bring a class action on behalf of themselves and as representatives of a proposed Plaintiff class.  According to Plaintiffs' Amended Complaint, the proposed plaintiff class includes "current and prior attendees of the various Daymar Colleges (the "Class") in Kentucky, Indiana and Ohio."  Am. Compl., DN 19, ¶ 8.

> The Class is composed of present and former students of Daymar in Kentucky, Indiana and Ohio who have been fraudulently solicited to attend Daymar educational institutions with the promise of receiving Degrees transferrable to the vast majority of institutions of higher learning, and for whom these representations were both false and the Degrees and credits non-transferrable.
>
> Further, Plaintiffs seek to represent a class of those individuals who secured loans to pay for Degrees fraudulently solicited by Daymar, and these Degrees, although promised by Daymar, were not transferrable to the vast majority of other institutions of higher learning and had little or no value for the purposes to which Daymar induced or promised to the Plaintiffs.
>
> Further, Plaintiffs seek to represent a class of those individuals who were

> promised jobs in their field of study following graduation from Daymar institutions in Kentucky, Indiana and Ohio, but who received no such jobs and received no assistance from Daymar in finding employment in their field of study.
>
> Plaintiffs also seek to represent a class of those individuals who attended Daymar in Kentucky, Indiana and Ohio and who were misled and deceived about the terms and availability of financial aid.

*Id.* at ¶¶ 8-11. Plaintiffs' claims are "based on violations of KRS Chapter 165A *et seq.*, the Kentucky Consumer Protection Act, Kentucky antitrust laws, and common law misrepresentation, fraud, fraudulent inducement, breach of contract, breach of implied contract, conspiracy, and injunctive and declaratory relief." Pl.'s Mot. Abeyance, DN 8, p. 1.

Plaintiffs filed suit in McCracken Circuit Court on February 17, 2011, against Daymar Colleges Group, LLC, Daymar Learning of Paducah, Inc., Daymar Learning of Ohio, Inc., Mark A.. Gabis, Daymar Learning, Inc., and The Daymar Foundation, Inc. Defendants removed the case to this Court on March 14, 2011, on the basis of diversity jurisdiction under the Class Action Fairness Act. Defendants also filed a motion to compel arbitration and a motion to dismiss The Daymar Foundation, Inc., as a party. In lieu of responding to these motions, Plaintiffs filed a motion to remand and a motion to hold Defendants' dispositive motions in abeyance and to allow jurisdictional discovery. The Court considered Plaintiffs' motions in its July 19, 2011, Memorandum Opinion and Order. The Court held that Defendants had proven the jurisdictional amount of $5 million for removal under the Class Action Fairness Act ("CAFA")[1] and the case was properly removed to federal court.

---

[1] The Class Action Fairness Act ("CAFA") provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A).

2

The Court could not determine, however, whether one of the CAFA exceptions applied because the definition of the class was ambiguous. Accordingly, the Court directed Plaintiffs to amend their Complaint and allowed the parties to file supplemental briefs. The Court now considers whether the "home state controversy" or "discretionary" exceptions apply to this case such that remand is warranted.

## DISCUSSION

Under the "home state controversy" exception, the Court must decline to exercise jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). For this exception to apply, all of the primary defendants must be citizens of the forum state. *Morrison v. YTB Int'l, Inc.*, Nos. 08-565-GPM, 08-579-GPM, 10-305-GPM, 2010 WL 2132062, at *2 (S.D. Ill. May 26, 2010) (citations omitted). The burden is on Plaintiffs to establish that an exception to the CAFA applies. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 814 (5th Cir. 2007).

Defendants acknowledge that all of the primary defendants in this case are citizens of Kentucky. Accordingly, the only issue for the Court's consideration is whether Plaintiffs have established by a preponderance of the evidence that two-thirds or more of the members of the proposed class are also citizens of Kentucky. Defendants assert that Plaintiffs cannot meet this burden because the class covers thousands of members attending Daymar Colleges in three states during an open-ended time frame. Thus, any attempt to demonstrate that two-thirds of the members are citizens of Kentucky would be pure speculation.

Defendants submit an affidavit of Michael Leathers, Vice President of Information

Technology for Daymar Colleges Group, LLC.  Mr. Leathers "composed a revised statistical summary of the state of residency of students enrolling at Defendants' campuses in Kentucky, Ohio, and Indiana" from February 1, 2007, through June 30, 2011.  Leathers Aff., DN 13-1, p. 1.  The cumulative summary indicates that during this five year time period, 63.2% of students were residents of Kentucky.  Although Defendants recognize that this summary does not account for students who may have changed addresses since their last contact with Defendants and is merely "guesswork," Defendants believe this provides further evidence that Plaintiffs cannot establish that two-thirds of the class members are citizens of Kentucky.

Plaintiffs rely upon information from the National Center for Educational Statistics and the Kentucky State Board for Proprietary Education.  In 2008-2009, Daymar colleges enrolled over 3,886 students.  According to Plaintiffs, 65.95% of these students were citizens of Kentucky at that time.  Plaintiffs assert that this data provides support for its claim that more than two-thirds of the class members are citizens of Kentucky, especially in light of the fact that the Kentucky campuses have operated longer than the campuses in Ohio and Indiana.  Plaintiffs also note that Defendants' submitted data is inaccurate as Defendants excluded campuses in Bowling Green, Russellville and Clinton and did not provide a campus-by-campus breakdown of the residency of its students.  Moreover, Defendants limit their data to the past five years instead of fifteen years.

The amount of speculation involved in determining the citizenship of the class members in this case is troubling.  This is especially highlighted by Plaintiffs' intention to include Daymar students from the past fifteen years.  *See Nichols v. Progressive Direct Ins. Co.*, No. 06-146-DLB, 2007 WL 1035014, at *3 (E.D. Ky. Mar. 31, 2007) ("To conclude that over this period [of

approximately five years] at least two-thirds of these persons remained citizens of the state would be sheer speculation at this stage."). Plaintiffs assert, however, that discovery will permit them to establish by a preponderance of the evidence that more than two-thirds of the class members are citizens of Kentucky. Although Plaintiffs fail to describe how they intend to conduct such discovery, they note that other courts have considered affidavits from attorneys, telephone surveys of a random sample of proposed class members, and addresses and phone numbers on medical records.[2] *See, e.g.*, *In re Text Messaging Antitrust Litig.*, Nos. 08 C 7082, 09 C 2192, 2011 WL 305385, at *3 (N.D. Ill. Jan. 21, 2011) (phone survey results from fifteen percent of the sample population where eighty-five percent confirmed their residence and intention to remain in Kansas were enough to confirm that over two-thirds of the proposed class were citizens of Kansas).

After reviewing the parties' arguments and in the interests of justice, the Court will permit Plaintiffs to conduct limited jurisdictional discovery as to whether two-thirds of the proposed class are citizens of Kentucky. Accordingly, the Court GRANTS the motion for discovery and declines to rule on the motion for remand at this time.

## CONCLUSION

IT IS HEREBY ORDERED:

(1) Plaintiffs' Motions to Hold Defendants' Motion to Compel Arbitration in Abeyance Pending Resolution of Plaintiffs' Remand Motion and Motion for

---

[2]This is not to say that courts have accepted these methods as proof that more than two-thirds of the class members were citizens of a particular state. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 801 (5th Cir. 2007) (noting that primary billing addresses contained in medical records were insufficient to demonstrate citizenship after Hurricane Katrina because there was no evidence of the class members' intent to remain in that state).

    Discovery (DN 8, 25) are GRANTED.  The parties shall complete discovery on or before January 4, 2012.

(2) Plaintiff shall file an amended brief in support of their motion to remand on or before January 13, 2012.  Defendant shall respond on or before January 27, 2012.  Plaintiff shall reply on or before February 3, 2012.  Plaintiff shall notify the Court by letter with copy to opposing counsel when this matter is ripe.

(3) **A telephonic status conference is SET for February 10, 2012, at 12:00 p.m. CST.**  The Court shall initiate the call.

(4) Defendants' motions to dismiss and motions to compel arbitration (DN 5, 6, 7, 21, 23, 24) are hereby DISMISSED.  Defendants shall be granted leave to file these motions anew should the Court decline to remand this action to McCracken County Circuit Court.