UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:11-CV-00036-GNS-LLK

KEVIN WIGGINS, et al.                                                                          PLAINTIFFS

v.

DAYMAR COLLEGES GROUP, LLC, et al.                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss the Claims of Certain Plaintiffs for Failure to Prosecute (DN 159) and Motion to Dismiss the Deceased Plaintiffs' Claims (DN 160) by certain Defendants.[1] For the reasons discussed below, the Court **GRANTS** both motions.

**I.      BACKGROUND**

Plaintiffs are a class of individuals "composed of present and former students of Daymar who have been fraudulently solicited to attend Daymar educational institutions with the promise of receiving [d]egrees transferable to the vast majority of institutions of higher learning, and for whom these representations were both false and the [d]egrees and credits non-transferable." (Mem. Op. & Order 1, DN 18). Plaintiffs filed suit in McCracken Circuit Court on February 17, 2011 against, *inter alia*, Daymar Colleges Group, LLC; Daymar Learning of Paducah, Inc.; Daymar Learning of Ohio, Inc.; Draughons Junior College, Inc.; and Mark Gabis ("Gabis")

---

[1] In particular, the moving Defendants are: Daymar Colleges Group, LLC; Daymar Learning of Ohio, Inc.; Daymar Learning of Paducah, Inc.; Daymar Learning, Inc.; and Draughons Junior College, Inc.

(collectively, "Daymar Defendants").² (Compl. 3-4, DN 1-1). Plaintiffs seek declaratory and injunctive relief and allege claims of conspiracy, breach of contract, breach of implied contract, fraudulent inducement, two varieties of violations of the Kentucky Consumer Protection Act, fraud, misrepresentation, and violations of Kentucky law governing proprietary education. (Compl. 89-96, DN 1-3). Daymar Defendants removed the matter to this Court on March 14, 2011, on the basis of diversity jurisdiction. (Notice of Removal 7-8).

While much happened in the interim, the next significant event in this matter occurred on January 24, 2013, when the Court ordered the consolidation of three actions into one, with this action as the lead case. (Order, DN 60). Plaintiffs then filed the Amended Complaint on April 26, 2013. (Am. Compl., DN 91). On October 15, 2014, the case was stayed pending a ruling of the Kentucky Supreme Court in related state cases. (Order, DN 104).

On September 18, 2015, the case was revived when counsel for two of the plaintiffs sought to withdraw. (Notice to Withdraw, DN 107; Notice to Withdraw, DN 108). On September 25, 2015, the Court dismissed the claims of several Plaintiffs who attended Daymar institutions located in Kentucky after they had settled with Daymar Defendants. (Agreed Order of Dismissal, DN 112). The Court also entered an agreed order staying the claims of several plaintiffs who attended a Daymar institution in a state other than Kentucky; they have also settled with the Daymar Defendants. (Agreed Order Staying Claims of Settling Non-Kentucky Pls., DN 113).

On December 29, 2015, Magistrate Judge King entered a Memorandum Opinion and Order allowing counsel to withdraw as to certain plaintiffs who are either deceased or unable to

---

² While Gabis died during the pendency of this action; his estate continues as a defendant. (Statement Noting a Party's Death, DN 52).

2

be located. (Mem. Op. & Order, DN 151).[3] The instant motions filed by Daymar Defendants seek to dismiss the claims of those plaintiffs who could not be located for lack of prosecution (Defs.' Mot. to Dismiss the Claims of Certain Pls. for Failure to Prosecute, DN 159 [hereinafter Defs.' Mot. to Dismiss – Failure to Prosecute]) and those plaintiffs that are deceased for their estates' failure to file a motion for substitution pursuant to Federal Rule of Civil Procedure 25(a)(1) ("Rule 25"). (Defs.' Mot. to Dismiss the Deceased Pls.' Claims, DN 160 [hereinafter Defs.' Mot. to Dismiss – Rule 25]). No response has been filed to either motion.

## II. JURISDICTION

This Court has jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction [that] [is] removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

This Court has original jurisdiction of "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A). Plaintiffs brought this action as a class action, and the class of Plaintiffs consists of individuals who are citizens of Kentucky, Illinois, Montana, Tennessee, Ohio, and Georgia. (Notice of Removal 11, DN 1). The known defendants are an individual citizen of Kentucky and several corporations organized under the laws of the

---

[3] Plaintiffs who are now proceeding *pro se* as a result of counsels' withdrawal are: Donald Lee, Jason Hillerich, Christina Tobin, Denise Titze, Christina Richey, Erin Ash, Alicia Ayers, Otto Fields III, Kerston Hauswirth, Jamie Mullins, Joanna Roberts, Stephen Robinson, Capucine Sanders, Kristina Fortney, Susan Neace, Dean Pyle, Misty Searcy, James Simon, Sabrena Western, Kathy Williams, D'Aundra Wilson, Ashley Harrell, Joseph Langston, Robin Layne, Robert Littlemyer, Jazsum May, Tabitha Reed, Christy Skirvin, Jennifer Umberg, Stephanie Wade, and Grace Yopp.

Commonwealth of Kentucky with their principal places of business in Kentucky.[4] (Notice of Removal 8-9). There is, therefore, the necessary diversity. Plaintiffs allege that there are thousands of members of the class, all of whom seek damages from eleven claims, as well as punitive damages and attorney fees and costs. Daymar Defendants admit that Plaintiffs have placed in controversy an amount in excess of $5,000,000. (Notice of Removal 14). Taken as a whole, this is sufficient to meet the Court's jurisdictional threshold.

### III.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "looking to the record as a whole, a reasonable mind could come to only one conclusion . . . ." *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 186 (6th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). "When moving for summary judgment the movant has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists 'a genuine issue for trial.'" *Id.* (citing *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). Rather, the non-moving party must present

---

[4] The citizenships of the unknown defendants are ignored for purposes of determining diversity. 28 U.S.C. § 1441(a).

specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## IV.  DISCUSSION

### A.  Motion to Dismiss – Lack of Prosecution

In their motion to dismiss for lack of prosecution, the Daymar Defendants argue that dismissal of the plaintiffs who cannot be located ("the missing plaintiffs") is warranted under Federal Rule of Civil Procedure 41(b). (Defs.' Mot. to Dismiss – Failure to Prosecute). Rule 41(b) provides for involuntary dismissal "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b). Four factors, none of which are dispositive, guide the analysis of whether or not dismissal pursuant to Rule 41(b) is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted).

In his Memorandum Opinion and Order, Magistrate Judge King detailed the efforts undertaken by counsel for the missing plaintiffs. (Mem. Op. & Order 1-2, DN 151). These efforts included:  sending mail to the last-known address of each missing plaintiff twice, sending emails to the last-known email addresses of the missing plaintiffs, making phone calls to the last-known phone numbers of the missing plaintiffs, hiring expert locators, searching public records,

investigating social media, and even going door-to-door in search of the missing plaintiffs. (Mem. Op. & Order 2, DN 151). In short, the missing Plaintiffs are not missing due to lack of diligence on the part of Plaintiffs' counsel in attempting to locate and communicate with them.

A situation in which the party has simply vanished poses some problems for the analysis detailed in *Knoll*. Presumably the missing Plaintiffs would have maintained communication with Plaintiffs' counsel if they were inclined to continue prosecuting the case; therefore, their failure to do so may be taken as evidence of willfulness or fault, but without the input of the missing Plaintiffs, the question of whether they decided to cease prosecuting this matter or instead were prevented by doing so from other circumstances remain unanswered.

Likewise, issuing a warning to those not there to take heed is an exercise in futility. The Court could warn the missing Plaintiffs *ad nauseum* that their failure to cooperate could lead to dismissal, but the missing Plaintiffs cannot be found and therefore would not receive the warnings. The Court also cannot effectively impose sanctions other than dismissal on absentee parties for the same reason: without a party to receive the sanction, it has no purpose. While the first, second, and fourth factors detailed in *Knoll* are not particularly applicable, the third is.

It is axiomatic that, when represented by counsel in a lawsuit, communication with counsel is the most basic form of participation in a lawsuit. Without direction from the client, counsel's hands are tied as to even small matters, let alone matters as important as settlement. This prejudices Daymar Defendants as the missing Plaintiffs' failure to communicate with counsel means that Plaintiffs' counsel cannot attempt to settle the case as to those Plaintiffs.

The continued silence from the missing Plaintiffs strongly indicates that they have abandoned any interest in prosecuting this case. Failure to communicate with counsel may be grounds for dismissal due to failure to prosecute. *See Doornbos v. Pilot Travel Ctrs., LLC*, No.

6

3:05-cv-428, 2008 WL 4764334 (E.D. Tenn. Oct. 27, 2008) (affirming the report and recommendation of a magistrate judge who recommended dismissal pursuant to Rule 41(b) due to plaintiffs' failure to maintain contact with counsel). The Court finds that it is sufficient in this case, and accordingly will grant Daymar Defendants' motion to dismiss with respect to the missing Plaintiffs' failure to prosecute their claims.

B. **Motion to Dismiss – Rule 25**

In their second motion, Daymar Defendants seek to dismiss the claims of Plaintiffs who have died since the institution of this action and whose estates have not made a timely motion for substitution as required by Rule 25. (Defs.' Mot. to Dismiss – Rule 25). The language of Rule 25(a)(1) is very plain:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). On October 21, 2015, Daymar Defendants submitted a statement noting the death of the following Plaintiffs: Donald Lee, Jason Hillerich, Christina Tobin, Denise Titze, and Christina Richey. (Federal Rule of Civil Procedure 25 Statement Noting the Death of Pls. Donald Lee, Jason Hillerich, Christina Tobin, Denise Titze, and Christina Richey, DN 115 [hereinafter Notice]). In the statement, Daymar Defendants also noted that "plaintiffs' counsel has agreed to serve a copy of this filing in accordance with Federal Rule of Civil Procedure 4 on the closest known living relative of each of the deceased plaintiffs." (Notice).

Any motions for substitution would have been timely until January 19, 2016, but to date, no such motions have been made. Absent timely motions for substitutions, the deceased Plaintiffs' claims must be dismissed. *See Ault v. Oberlin Coll.*, 620 F. App'x 395, 396 n.3 (6th

7

Cir. 2015); *Grain v. Trinity Health*, No. 03-72486, 2008 WL 2438082 (E.D. Mich. June 12, 2008). Accordingly, the Court will dismiss the deceased Plaintiffs' claims.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Daymar Defendants' Motion to Dismiss the Claims of Certain Plaintiffs for Failure to Prosecute (DN 159) and Motion to Dismiss the Deceased Plaintiffs' Claims (DN 160) are **GRANTED**. The claims of the following Plaintiffs are dismissed: Donald Lee, Jason Hillerich, Christina Tobin, Denise Titze, Christina Richey, Erin Ash, Alicia Ayers, Otto Fields III, Kerston Hauswirth, Jamie Mullins, Joanna Roberts, Stephen Robinson, Capucine Sanders, Kristina Fortney, Susan Neace, Dean Pyle, Misty Searcy, James Simon, Sabrena Western, Kathy Williams, D'Aundra Wilson, Ashley Harrell, Joseph Langston, Robin Layne, Donald Lee, Robert Littlemyer, Jazsum May, Tabitha Reed, Christy Skirvin, Jennifer Umberg, Stephanie Wade, and Grace Yopp.

**Greg N. Stivers, Judge**
**United States District Court**
April 5, 2016

cc: counsel of record

8